H oWell; J.
Plaintiff has in this action, enjoined a writ of fxri facias issued in the suit of the City National Bank of New Orleans v. John Spicer, in the Third District Court of New Orleans, on the ground that he is the sole owner and possessor of the property seized, having purchased and paid for the same and placed it on a plantation, in the parish of St. Mary, leased by him, to enable him to cultivate and take off the growing crop.
The defence, besides the general denial, is that if any sale of said property or any part thereof was ever made by the said Spicer to plaintiff, ■Bushnell, it is fraudulent and simulated, and was made to protect the "property of the said Spicer from the pursuit of his creditors.
Judgment was rendered dissolving the injunction, with damages, and the plaintiff has appealed.
Our attention is called to bills of exception taken by plaintiff to the refusal of the Judge to strike out certain evidence, and to the admission of other testimony to prove the statements and admissions of Spicer, plaintiff’s vendor, on the grounds that they were made out of the *465 presence of the plaintiff. The Judge did not err. “Evidence of the conversations and admissions of the parties implicated in a fraud or simulation, may be offered on behalf of creditors, the objection going to the effect or weight of such evidence, when the declarations are not made out of the presence of the other party.” 15 A. 177; 16 A. 88; 7 A. 138; 6 A. 675, 710; 5 A. 1.
- Objection was also made by plaintiff to the. competency of Spicer; the vendor, as a witness for defendants, on the ground of interest.5 •’
We think the objection should have been sustained. His1 interest in making the property in question liable for his debts, for which it is admitted several judgments had already been obtained, is manifest, and is a disqualifying interest as the law then existed. Gr. Ev. ££386 to 392.
The competency of the vendor as a witness, is governed by a different rule from that of the proof of his declarations.
Without the testimony of this witness, plaintiff has failed to show a title to the property as against the defendants. The acts under private signature, by which the plaintiff claims to have acquired title, being unsupported by legal proof of their execution, have no date prior to the day on which they were opposed to the defendants in court.
They may have been executed subsequent to the seizui e, to serve as evidence of plaintiff’s right or pretension, and it was incumbent on him to prove by circumstances de hors, the acts that they were made at the time they purport to have been executed. 6 N. S. 132, 332. There is proof that Spicer, the alleged vendor, was the owner and possessor, and divestiture thereof prior to the seizure has not been proved.
The presence of plaintiff on the plantation under lease, and his cbntrol as stated by the overseer, cannot, under the circumstances, establish ownership in him. It may have been a device to protect the property of the debtor. The acts under private signature, introduced by plaintiff, having date as to defendants on the day when offered in evidence, only, show that Spicer was the owner up to that date. The burden was on plaintiff to make out his title, or his in junction must fail.
There is in the record a consent that the excess of interest allowed in the lower court, be considered as remitted by the defendants, and there is a prayer to amend.
It is therefore ordered that the judgment appealed from be amended, by allowing eight instead of ten per cent, interest on the amount enjoined, and as thus amended the judgment be affirmed, with costs. ■ -